# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

|  |  |  |
|---|---|---|
| **RAMIRO LARA, JR.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 1:11-CV-129-BL** |
| | § | **ECF** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **Commissioner of Social Security,** | § | |
| | § | |
| **Defendant.** | § | **Assigned to U.S. Magistrate Judge** |

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS CASE** is before the court upon Plaintiff's complaint filed July 19, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on November 7, 2011 (Doc. 20). Defendant filed a response on December 6, 2011 (Doc. 21). Plaintiff filed his reply on December 21, 2011 (Doc. 22). The parties consented to having the United States magistrate judge conduct all further proceedings in this case on July 25, 2011 (Doc. 7), and September 21, 2011 (Doc. 19). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I.   STATEMENT OF THE CASE

Plaintiff protectively filed an application for benefits on April 27, 2009, alleging disability beginning February 2, 2009. Tr. 108-109.   Plaintiff's application was denied initially and upon reconsideration.   Tr. 54-59.   Plaintiff filed a Request for Hearing by Administrative Law Judge on December 14, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on July 22, 2010. Tr. 97-98, 27-50.   Plaintiff, represented by an attorney, testified in his own behalf. Tr. 28-50.   A vocational expert ("VE"), appeared but did not provide testimony.   Tr. 27.   The ALJ issued a decision unfavorable to Plaintiff on August 34, 2010.   Tr. 8-24.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 11.   The ALJ also noted that although supplemental security income was not payable prior to the application date, he had considered Plaintiff's full medical history in making his decision. *Id*.

The ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since April 27, 2009.   Tr. 13.   The ALJ further found that Plaintiff has a "severe" combination of impairments, including  chronic shortness of breath, status-post bilateral pneumonia with sepsis, respiratory failure, left pulmonary pneumothorax, left pulmonary scarring/atelecstasis, chronic neck pain, chronic low back pain with radicular symptoms, and chronic left shoulder pain.  The ALJ found that  Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1.  Tr. 22.   Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p.  Tr. 14.

The ALJ discussed Plaintiff's testimony and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged.  Tr. 14.  The ALJ also found that Plaintiff's subjective allegations concerning the intensity, persistence, and limiting effects of his symptoms had only limited credibility insofar as he was not disabled as a result of the limitations imposed by his impairments.  Tr. 15.  The ALJ indicated that he considered Plaintiff's subjective complaints and compared them with medical evidence of record. Tr. 15-18. The ALJ found that Plaintiff's reports of the limiting effects of his impairments were out of proportion to the medical evidence.  Tr. 18.  The ALJ found that Plaintiff's reports of his inability to afford medications and further medical care were undermined by his testimony and statements indicating that he continues to engage in the costly use of tobacco and alcohol, despite being instructed to not engage in these activities upon his discharge from the hospital.  Tr. 19.

The ALJ found that Plaintiff was unable to perform any of his past relevant work.  Tr. 20.The ALJ noted that Plaintiff was a "younger individual" on the date his application was filed, with a "limited" education and the ability to communicate in English.  *Id*.  The ALJ noted that transferability of job skills was not an issue in this case because Plaintiff's past relevant work was unskilled.  *Id*.

The ALJ found that Plaintiff retained the residual functional capacity to perform the physical exertional requirements of the full range of light work, according great weight to the opinions of Dr. Trifilo and the State agency medical consultants.  The ALJ applied Rule 202.17 of the Medical

Vocational Guidelines ("the Grids"), 20 C.F.R. Pt. 404, Subpt. P, App. 2, to direct a finding of "not disabled." Having found that Plaintiff retained the RFC to perform work which exists in the national economy, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 21.

Plaintiff submitted a Request for Review of Hearing Decision/Order on September 8, 2009. Tr. 104-105. The Appeals Council denied Plaintiff's request on May 26, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On July 19, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's

-4-

decision.  *Masterson,* 309 F.3d at 272.  "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve."  *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity.  Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453.  In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy.  Tr. 31.

## III.   DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because: the ALJ erred by applying the Grids without considering Plaintiff's nonexertional impairments; the Commissioner failed to carry the burden at step 5 to identify jobs in significant numbers that a person of Plaintiff's age, vocational history, and RFC could perform; the ALJ erred in evaluating Plaintiff's pain and credibility; erred in finding that Plaintiff could sustain work; and erred by failing to give appropriate weight to the opinions of the treating physicians.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence.  The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The court will consider Plaintiff's allegations in the appropriate order, to reflect the sequential evaluation analysis.

**A.      Whether the ALJ erred in making the credibility and RFC determinations.**

Plaintiff argues that the ALJ erred in making his credibility and RFC determination by failing to ascribe limitations imposed by Plaintiff's severe combination of impairments, by finding that Plaintiff's subjective allegations of pain and limitations were not entirely credible, and by finding that Plaintiff can perform the exertional requirements of the full range of light work..

Plaintiff specifically argues that the ALJ, having included shortness of breath and chronic pain  in the severe combination of impairments at step 2, was required to incorporate limitations caused by such impairments in his RFC finding.  Plaintiff argues that the evidence of record demonstrates that his pain and respiratory problems clearly constituted nonexertional limitations, thereby precluding application of the Grids at step 5 of the sequential evaluation process.

Plaintiff argues that the finding of a severe combination of impairments indicates that the ALJ should have ascribed nonexertional limitations to such impairments.  Plaintiff specifically asserts that the ALJ erred by failing to find specific nonexertional limitations as a result of Plaintiff's pain and shortness of breath.  Plaintiff argues that the ALJ "can't have it both ways," and should not have found that Plaintiff's allegations of pain were minimally credible.

The claimant has the burden to prove that she is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987).  A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  The existence of an impairment does not in itself

establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments will be considered throughout the disability determination process." *Id.* The ALJ's opinion indicates that he indeed considered all of Plaintiff's impairments in finding that Plaintiff was not presumptively disabled through application of the Listing of Impairments. The ALJ's opinion also indicates that he considered the limitations supported by the medical record of evidence in making his RFC determination. The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Pursuant to SSR 96-7p, the adjudicator is required to go through a two-step process in evaluating a claimant's symptoms. The ALJ must first:

> consider whether there is an underlying medically determinable physical or mental impairment . . . that could reasonably be expected to produce the individual's pain or other symptoms . . . . Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

SSR 96-7p.

The ALJ may consider various factors in assessing a claimant's credibility, including:  the individual's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; any palliative measures used to relieve pain or other symptoms; and any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  *Id.*

Plaintiff alleges that he experiences several types of pain, which the ALJ recognized in his severity determination.  Plaintiff argues that the ALJ erred in making his credibility determination, insofar as he found that Plaintiff's credibility with regard to his inability to afford medical care was eroded by his continued use of tobacco and alcohol, after being advised to stop, and insofar as the ALJ did not accept Plaintiff's allegations of disabling pain and shortness of breath.

The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record.  *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)).  The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis.  *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence.  *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)).  Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence.  *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987).

In his opinion, the ALJ noted Plaintiff's hospitalization and medical history. Tr. 14-20.   The ALJ discussed Plaintiff's reports of pain and respiratory problems which limit his ability to walk and stand for long periods of time.   Tr. 14.   The ALJ noted that Plaintiff had been seen twice by Min Gao, M.D., subsequent to his hospitalization and oncee by the consultative examiner, Richard D. Trifilo, M.D. Tr. 15, 17.  The ALJ noted Dr. Gao's and Dr. Trifilo's findings upon examinations of Plaintiff.   The ALJ discussed Plaintiff's reports of pain along with his reports of his activities of daily living and his testimony. The ALJ compared such reports with the objective medical evidence of record, as well as the opinion of the consultative examiner, who opined that Plaintiff's reports of pain were out of proportion to the medical evidence.   The ALJ noted that Plaintiff was prescribed and continued to take medications for his pain, although Plaintiff testified that he was unable to afford further medical care.

Plaintiff argues that no medical professional has questioned his reports of pain, other than the consultative examiner.   However, Plaintiff identified no objective medical evidence to support his claims of disabling pain and shortness of breath that limited his ability to perform work at the light exertional level, nor did he identify any objective medical evidence or any treating or examining physician's opinion indicating greater limitations than a limitation to light work, as reflected in the RFC determination.

 In his opinion, the ALJ noted Plaintiff's report of being able to lift 40 or 50 pounds, and compared the objective medical evidence of record with Dr. Trifilo's findings upon examination and opinion that despite Plaintiff's reported pain, he retained the ability to perform work activities such as lifting 30 pounds, sitting, standing, moving about, hearing, and speaking. Tr. 19. The ALJ found this opinion persuasive, as well as the opinions of the State agency medical consultants, who opined that Plaintiff retained the RFC to perform work at the light exertional level on a sustained basis. *Id.*

The ALJ weighed these opinions along with the objective medical evidence and Plaintiff's testimony, and found that Plaintiff could perform the full range of light work, without nonexertional limitations. The ALJ noted that this finding was more limiting that Plaintiff's testimony that he can lift 40 to 50 pounds. In addition, the ALJ found that Plaintiff was disabled for the time period from his hospitalization through several months thereafter, although he regained the ability to perform light work prior to the expiration of 12 months. Tr. 20.

In his opinion, the ALJ appropriately considered Plaintiff's testimony and the medical evidence of record in making his credibility determination. The ALJ discussed the relevant factors in finding that Plaintiff's subjective allegations of disabling pain and shortness of breath were not entirely credible. The ALJ's credibility determination is supported by substantial evidence in the record. The court finds that the ALJ did not err in making the credibility determination, nor did he err in making his RFC determination, which is also supported by substantial evidence in the record.

**B.     Whether the ALJ erred in failing to give appropriate weight to the opinions of Plaintiff's treating physicians.**

Plaintiff also argues that the ALJ erred by failing to give controlling weight to the opinions of his treating physicians, instead relying upon the non-examining State agency medical consultants and the consultative examiner to find that Plaintiff retained the RFC for a full range of light work.

The opinion of a treating physician who is familiar with the claimant's impairments, treatments, and responses should be accorded great weight in determining disability. A treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2). However, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is

unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).   The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).   The relative weight to be given to these pieces of evidence is within the ALJ's discretion. *Id.*

The record does not reflect an opinion by any of Plaintiff's treating physicians as to his ability to perform work activity.  Plaintiff's argument that his doctor submitted disability paperwork for him does not constitute a medical opinion as to the limitations imposed by Plaintiff's impairments.  The ALJ appropriately weighed and considered the opinions of the State agency medical consultants and the consultative examiner, comparing such opinions with the medical evidence of record, the objective findings, and Plaintiff's subjective allegations and testimony.  Although Plaintiff argues that the opinions of the State agency medical consultants were not based on the entire medical record, the record does not indicate that Plaintiff sought medical attention more than once after such opinions.  Tr. 505-13.

The court finds that the ALJ did not err in weighing the opinions of Plaintiff's treating physicians, nor did he err in finding that the opinions of the  State agency medical consultants and the consultative examiner were entitled to great weight.

**C.      Whether the ALJ erred at step 4 or step 5 of the sequential evaluation analysis.**

Plaintiff argues that the ALJ erred at steps 4 and 5 of the sequential evaluation process in finding that Plaintiff retained the RFC to perform work which exists in the national or regional economy. Plaintiff alleges that the ALJ should not have applied the Grids because of nonexertional limitations, should have obtained testimony by a VE to carry the burden on the Commissioner at step 5, and failed to appropriately consider whether Plaintiff retained the ability to sustain work at the light level.

Plaintiff argues that the ALJ incorrectly applied the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P. App 2. Table No 1, ("the Grids") to direct a finding that Plaintiff could perform a full range of light work

Where a claimant cannot perform the full range of a specific level of work activity or has significant nonexertional impairments, the ALJ may not mechanically apply the Grids, although they may be used as a framework.  Application of the Grids is appropriate "when it is established that a claimant suffers only from exertional impairments, or that the claimant's nonexertional impairments do not significantly affect his residual functional capacity." *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999).  The ALJ should make an individualized determination of the claimant's ability to perform specific jobs in the national economy where there are nonexertional limitations.  *Carry v. Heckler*, 750 F.2d 479, 483 (5th Cir. 1985) (citing *Parris v. Heckler*, 733 F.2d 324, 326 (4th Cir.1984)).

Plaintiff argues that his shortness of breath and chronic pain limited his ability to perform work at the light exertional level.  Plaintiff argues that because of these nonexertional limitations, mechanical application of the Grids was improper.

The ALJ, however, did not find nonexertional limitations that would preclude application

of the Grids in this case.   The ALJ specifically found that Plaintiff retains the ability to perform the physical and exertional requirements of light work, with "no significant nonexertional limitations." While Plaintiff may experience pain, the ALJ did not find that Plaintiff's pain or shortness of breath constituted nonexertional limitations that significantly affected Plaintiff's capacity to perform work at the light exertional level.

Plaintiff again argues in his Reply that his RFC should have included nonexertional limitations.  Pain and shortness of breath were not incorporated into the RFC finding as a limitation on Plaintiff's ability to perform work activity.  The ALJ found that Plaintiff's statements concerning his impairments and their impact on his ability to perform work activity were not entirely credible. This court has already found that the ALJ did not err in making the RFC and credibility determinations, and that such determinations were supported by substantial evidence.

The ALJ's finding that Plaintiff's pain and shortness of breath did not create exertional limitations on his ability to perform work activity is supported by substantial evidence.  The ALJ did not err at step 4 of the sequential evaluation process in applying the Grids to direct a finding of not disabled, nor was the ALJ required to obtain vocational expert testimony or other evidence of specific jobs that Plaintiff  retained the ability to perform in order to carry the burden on the Commissioner at step 5.  Application of the Grids constitutes substantial evidence to support his finding that Plaintiff's retained the ability to perform work at the light exertional level.

Plaintiff further argues that the ALJ erred by failing to call a VE to testify in this case and by failing to appropriately analyze Plaintiff's transferable skills, if any.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)).  "The value of a vocational expert is that he is familiar with

the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170.

A claimant's work experience encompasses the skills and abilities acquired through work done in the past, which shows the type of work a claimant may be expected to do. 20 C.F.R. § 404.1565. Transferable skills are those "that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs." 20 CFR § 404.1568(d). If the claimant has acquired skills through his past work, the Commissioner will consider him to still have those skills unless the claimant cannot use them in other skilled or semi-skilled work that he can do now. 20 C.F.R. §§ 404.1565(a), 1568(d); Soc. Sec. Ruling 82-41 (February 26, 1979) ("SSR 82-41"). Transferability of skills is most probable or meaningful with jobs where the same or lesser degree of skill is required because people are not expected to do more complex work than they have previously performed. 20 C.F.R. § 404.1568(d); SSR 82-41. When skills are so specialized or have been acquired in an isolated vocational setting so that they are not readily usable in other work settings, the skills are not transferable. 20 C.F.R. § 404.1568(d)(3) (1986). Further, when a claimant has performed work for a very short period of time and has, due to inability to adapt to that type of work, left that field, this period of employment generally does not qualify as past relevant work for purposes of determining transferable skills. Rather, the attempt is considered an "unsuccessful work effort." 20 C.F.R. § 404.1574(a)(1).

SSR 82-41 provides that "transferability of skills is an issue only when an individual's impairments(s) . . . prevent[s] the performance of past relevant work, and that work has been

determined to be skilled or semiskilled." SSR-82-41.   The ALJ found that Plaintiff could not perform his past relevant work and that such work was unskilled.   As such, transferability of skills was not an issue in this case.  Vocational expert testimony or other evidence was not required at step 5 to show that Plaintiff retained the RFC to perform work which exists in the national or regional economy.   The ALJ did not err at step 4 or step 5 of the sequential evaluation analysis, and his determination that Plaintiff retained the RFC to perform work which exists in significant numbers in the national or regional economy is supported by substantial evidence.

Plaintiff also argues that the ALJ erred by failing to properly analyze whether Plaintiff could sustain employment.  The ALJ found in his opinion that Plaintiff could "obtain, perform, and maintain this RFC on a consistent, sustained basis." Tr. 13.  Plaintiff asserts that absences for his hospitalization alone would have removed him from the workforce and he would have been terminated.

In *Singletary v. Bowen,* the Fifth Circuit explained that "[a] determination that a claimant is unable to continue working for significant periods of time must, however, be supported by more than a claimant's personal history; it must also be supported by medical evidence. 798 F.2d 818, 822 (5th Cir. 1986) (citing 20 C.F.R. §§ 404.1546; 404.1560).  The claimant in *Singletary* was found to be more limited than Plaintiff and was characterized by one physician as "an inadequate personality with periodic alcohol and drug abuse that leads to transient psychotic episodes in a person with low average intelligence, who has had some diffuse brain damage, has had a nomadic life and who had a chaotic rearing," who engaged in inappropriate behavior and poor social adjustment.  798 F.2d at 823.  In *Frank v. Barnhart,* the Fifth Circuit explained that *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002), requires a situation in which, "by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms," and further explained that evidence

indicating the claimant's degenerative disc disease, such as the fact that every number of weeks she lost movement in her legs, would be relevant to a determination of ability to maintain employment. 326 F.3d 618, 619 (5th Cir. 2003).

Plaintiff incorrectly asserted in his brief that the ALJ found that Plaintiff could have worked during the same period that he was hospitalized.  Rather, the ALJ asserted that Plaintiff was under a disability during his hospitalization and several months thereafter, and later recovered the ability to perform work. The medical evidence of record also fails to indicate that Plaintiff's condition "waxes and wanes" like that of the claimant in *Singletary*.  The ALJ did not err in finding that Plaintiff could sustain employment, and such finding is supported by substantial evidence in the record.

## IV.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed July 19, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED**.

DATED this 25th day of September, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**